UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 07-1653-TSH |
| | ) | |
| **MARK V. LEMIEUX** | ) | |
| **JOSEPH M. CATANESE** | ) | |
| **PATRICK MCCARTHY** | ) | |
| **TARA DRUMMEY** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT MARK V. LEMIEUX'S
MOTION FOR PRODUCTION OF STATEMENTS, REPORTS AND NOTES
OF LIEUTENANT THOMAS COFFEY**

The United States, by its attorneys, Michael J. Sullivan, United States Attorney, and William F. Bloomer, Assistant U.S. Attorney, and hereby responds to Defendant Lemiuex's request for production of any and all statements written, adopted or approved by Lieutenant Thomas Coffey as well as the production of any notes taken by any investigating officer, whether called as a witness at the detention hearing or not, reflecting the substance of any oral statement made by all defendants before or after their arrests.[1]

Defendant Lemieux's request is procedurally defective. First, Lemieux made no attempt to confer with opposing counsel in an attempt to narrow the issue as required by Local Rule

---

[1] Lemieux has no standing to move for production of the substance of the oral statements made by his codefendants.

1

7.1(A)(2).  Second, Lemieux has not indicated that he intends to waive automatic discovery in this case, and absent such waiver Local Rule 116.3 forbids counsel from requesting information expressly required to be produced under the local rules (such as Jencks).

Lemieux's request for certain information is also substantively without merit.  The government in this case has far exceeded its discovery obligations in connection with the detention hearing. See Fed. R. Crim. P. 26.2 and 46(j). Rule 26.2 and 18 U.S.C. § 3500 govern the production of a witness's statements.  See Fed. R. Crim. P. 26.2 ("Producing a Witness's Statement"); 18 U.S.C. § 3500 ("Demands for production of statements and reports of witnesses").  In pertinent part, Rule 26.2(a) states as follows:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government . . . to produce, for the examination and use of the moving party, <u>any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony</u>.

Fed. R. Crim. P. 26.2(a) (emphasis added).  This provision effectively mirrors the language set forth in 18 U.S.C. § 3500(b).  This rule, however, applies only to "statements" as defined in Rule 26.2(f) and § 3500(e).  Specifically, a defendant such as Lemieux is only entitled to the following three types of "statements" under Rule 26.2 and § 3500:

2

>    (1)  a written statement that the witness makes and signs, or otherwise adopts or approves;
>
>    (2)  a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
>
>    (3)  the witness's statement to a grand jury, however taken or recorded, or a transcription of such statement.

FED. R. CRIM. P. 26.2(f); see also 18 U.S.C. § 3500(e).

Here, one witness testified at the detention hearing: Massachusetts State Police Lieutenant Thomas J. Coffey.  The defendants received copies of all "statements" made by the witness prior to testifying about related subject matter.  Specifically, the defendants received Coffey's detailed 33-page affidavit in support of the criminal complaint and search warrant applications.  The defendants also received copies of reports that were prepared prior to or during the detention hearing, including, but not limited to, the following: the stop of CW at Logan Airport on 11/28/06; surveillance of purchases of oxycontin by CW or payments of monies owed by CW for oxycontin; the recovery of oxycontin and firearms at CW's house; and the execution of the search warrant at Lemieux's residence and Lemieux's spontaneous statements.[2]

---

[2] The government also provided to the defense courtesy copies of the exhibits that it intended to introduce in evidence at the detention hearing, which included audio / video recordings of the defendants.

3

In addition, the government provided to the defendants reports authored by Lieutenant Richard Prior, who did <u>not</u> testify at the detention hearing (and hence is not a "witness"), which detailed the post-arrest statements of Patrick McCarthy and Joseph Catanese. Moreover, the prosecution gave the defendants a copy of Lieutenant Prior's handwritten notes related to the interview of McCarthy (those notes had been signed by Lieutenants Prior and Coffey as well as McCarthy himself).

Finally, although no "final" or signed report had been prepared by ICE Special Agents Linda McDonough or Peter Darling prior to the detention hearing, the government nevertheless informed the defendants by means of a letter of the substance of statements and actions of Lemieux at the South Boston State Police Barracks in the booking area. Specifically, the government informed the defendants that, "[i]n substance, the report will indicate that Mr. Lemieux, while seated in the booking area, made a slashing-type motion across his neck and said 'keep your mouth shut' to Tara Drummey as she walked passed him from the cellblock."

In short, the government has complied with its discovery obligations in this case. To the extent that Lemieux requests additional discovery at this juncture – particularly in the form of handwritten notes penned by Coffey or some other non-witness agent – the government objects. An overwhelming majority of

4

courts have concluded that a law enforcement agent's notes are not "statements" within the meaning of the Jencks Act. See United States v. Ridlehuber, 11 F.3d 516, 525 (5th Cir. 1993) (holding federal agent's "scattered notes taken during the course of an investigation 'do not fit within the [Jencks] Act's purview'") (quoting United States v. Ramirez, 954 F.2d 1035, 1038 (5th Cir.), cert. denied, 505 U.S. 1211 (1992)); United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994) (testifying officers' rough notes regarding interviews with cooperators are not "statements" of officers under Jencks Act because notes were not "substantially verbatim" recitals of officers' statements nor later adopted in some way); United States v. Mora, 994 F.2d 1129, 1138-39 (5th Cir. 1993) (scattered jottings of DEA agent not discoverable under Jencks where there was no indication that agent had adopted notes as a statement); United States v. Mena, 863 F.2d 1522, 1529 (11th Cir. 1989) (Jencks Act does not give defendant right to obtain rough notes of witness interview in order to impeach interviewing agent); United States v. Andersson, 813 F.2d 1450, 1459 (9th Cir. 1987) (agent's rough notes taken during surveillance need not be produced under Jencks Act); United States v. Gotchis, 803 F.2d 74, 77-78 (2d Cir. 1986) (DEA agent's notes of telephone conversation did not constitute "statement" within the meaning of Fed. R. Crim. P. 26.2 because Rule 26.2 does not encompass writing which agent in no way

5

<pre>vouched for); United States v. Hinton, 719 F.2d 711, 722 (4th Cir. 1983) (investigative agent's notes taken during course of witness interview, which are later incorporated into agent's formal report, are not Jencks statements); United States v. Soto, 711 F.2d 1558, 1560-63 (11th Cir. 1983) (handwritten draft reports prepared by undercover agent and surveillance agent during investigation are not Jencks statements, even where agent used rough draft to refresh recollection before preliminary examination and to prepare final report); United States v. Griffin, 659 F.2d 932, 937-38 (9th Cir. 1981) (where agent takes rough notes during witness interview, and later prepares final report, the reports, not the rough notes, become the Jencks Act statement); see also United States v. Arnett, 2003 WL 23095754, **3 (9th Cir. 2003) (affirming district court's refusal to compel production of agent's notes "because the Jencks Act does not apply to rough notes of an agent's surveillance activities").</pre>

Although there does not appear to be any First Circuit authority directly resolving this issue, several decisions in the Massachusetts Federal District Court support the government's interpretation that agent notes are not discoverable under Jencks. See United States v. Srouch Khut, No. 05-10262-PBS (D. Mass. March 15, 2006) (M.J. Dein); United States v. Mello, No. 05-10115-JLT (D. Mass. January 19, 2006) (M.J. Collings); see also United States v. Mannarino, 850 F. Supp. 57, 63 n. 28 (D.

<pre>                               6</pre>

Mass. 1994) (Judge Woodlock acknowledged "majority rule" that "absent special circumstances . . . when an agent destroys rough notes which form the basis of a final report, those notes do not fall within the Jencks Act.") Based on this significant body of case law, Lemieux's motion should be summarily denied.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                     By:  */s/William F. Bloomer*
                              WILLIAM F. BLOOMER
                              Assistant U.S. Attorney
                              BBO#553104
                              william.bloomer@usdoj.gov
                              (617) 748-3644

**CERTIFICATE OF SERVICE**

    I, William F. Bloomer, hereby certify that this document filed through the ECF system on June 7, 2007, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non registered participants this date via U.S Postal Service, postage prepaid.

                              */s/William F. Bloomer*
                              WILLIAM F. BLOOMER

Date: 7 June 2007