UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10184-RGS

MARK V. LEMIEUX

v.

UNITED STATES

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO VACATE AND SET ASIDE CONVICTION

April 26, 2011

STEARNS, D.J.

Petitioner Mark Lemieux filed this *pro se* petition to vacate, set aside, or correct his [conviction] pursuant to 28 U.S.C. § 2255. Lemieux argues entrapment, outrageous government conduct, a failure on the part of the government to establish a critical element of one of the offenses with which he was charged, and ineffective assistance of counsel. For the reasons to be stated, Lemieux's petition will be denied. His request for an evidentiary hearing will also be denied as will his request for appointment of counsel.[1]

BACKGROUND

Lemieux, a twenty-year police veteran, was named in a two-count indictment on

---

[1] Lemieux requested counsel in an amended petition filed on March 15, 2011.

June 26, 2007, charging conspiracy to distribute oxycontin and to commit extortion. On February 9, 2009, Lemieux pled guilty to both counts of the indictment pursuant to a written plea agreement. In signing the agreement, Lemieux acknowledged that he had "conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence on direct appeal. . . . [Lemieux] waives any right he has to challenge his conviction on direct appeal or in collateral challenge." On May 21, 2009, Lemieux was sentenced to two concurrent terms of 70 months and three years of supervised release. He filed a timely notice of appeal of his sentence. On April 29, 2010, the First Circuit Court of Appeals summarily affirmed the district court. This petition then followed.

## DISCUSSION

The First Circuit has joined with all of its sister circuits in holding that a defendant may knowingly and voluntarily waive the right to appeal or to collaterally attack a conviction.[2] "This court, following suit, will enforce knowing and voluntary

---

[2]*See United States v. Teeter*, 257 F.3d 14, 23 (1st Cir. 2001), citing *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001); *United States v. Fleming*, 239 F.3d 761, 763-764 (6th Cir. 2001); *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001); *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000); *United States v. Cuevas-Andrade*, 232 F.3d 440, 446 (5th Cir. 2000); *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000); *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000); *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999); *United States v. Michelsen*, 141 F.3d 867, 871 (8th Cir. 1998). *See also United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009); *United States v. Khattak*, 273 F.3d 557,

2

waivers by defendants in plea agreements of their rights to appeal, except when it would work a miscarriage of justice." *United States v. Newbert*, 504 F.3d 180, 182 (1st Cir. 2007). A presentence waiver of appellate rights is presumptively valid if: (1) the written plea agreement contains a clear statement elucidating the waiver and delineating its scope; (2) the district court has inquired specifically at the change of plea hearing into the defendant's understanding of the significance of the waiver; and (3) no miscarriage of justice results. *See Teeter*, 257 F.3d at 24-25.

The plea agreement in Lemieux's case clearly explained that he had the right to appeal his conviction both directly and collaterally. Lemieux signed the agreement stating that he was waiving the right to appeal his conviction (but not his sentence). He further represented that he had read the agreement in its entirety, had discussed it thoroughly with his attorney, was satisfied with his attorney's services, and was pleading guilty "freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest."

During the plea colloquy, the court specifically reminded Lemieux that by signing the agreement, he was "waiv[ing] any right he has to challenge his conviction on direct appeal or collateral challenge, but that seems to me to reserve the right to

---

561-562 (3d Cir. 2001).

3

challenge sentence."[3] Plea Hr'g Tr. at 12. The court also explained that in its judgment, the waiver was legally effective and would likely be found so by the court of appeals. Lemieux repeated his assurances that he was pleading guilty "willingly, freely and voluntarily," that he was "absolutely" satisfied with his attorney's assistance, and that pleading guilty was in his "best interest." *Id*. at 20-22. The court made specific findings that Lemieux was competent to enter a plea, and "especially given his law-enforcement background, has offered a plea with a full understanding of his rights and the consequences of waiving those rights . . . and after careful consideration [of] his own best interest." *Id*. at 22-23.[4]

Given Lemieux's written and oral acknowledgments before and during his colloquy with the court, the only basis on which relief could be granted would be on a showing of a miscarriage of justice – extraordinary relief that is to be granted in only

---

[3] As noted, Lemieux did (unsuccessfully) appeal his sentence.

[4] Lemieux's convoluted rationalization for his attempt to renege on his agreement with the government is set out in an April 6, 2011 filing in which he argues that he "does not deny signing the plea agreement containing the waiver. . . . [I]t is not the waiver he challenges, but the circumstances under which he signed the plea agreement containing the waiver. It was not until trial began, that defendant realized his counsel was not prepared to mount an effective defense." The court allowed the government's motion to strike, relieving it of the obligation of responding to what at bottom is a specious argument. Lemieux's highly capable counsel was not only prepared to mount a defense, but did so. Lemieux pled guilty only after a jury was empaneled, opening statements were given, three witnesses had testified, and twelve incriminating exhibits had been admitted into evidence.

4

a "truly deserving" case. *Teeter*, 257 F.3d at 26. Because Lemieux has failed to show any likelihood (or even a whiff) of a miscarriage of justice, his waiver of his right to appeal the conviction is valid and will be enforced.

ORDER

For the foregoing reasons, Lemieux's Petition to Vacate and Set Aside Conviction is <u>DENIED</u>. The Request for Appointment of Counsel and Request for Evidentiary Hearing are also <u>DENIED</u>. The Clerk will dismiss the petition with prejudice and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE